SOLÁ, DEMANDANTE Y APELANTE, *v.* ALEJANDRO ET AL., DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre tercería de bienes muebles.

No. 2376.—Resuelto en julio 20, 1922.

SUSPENSIÓN DEL JUICIO POR ENFERMEDAD DE UN TESTIGO—NUEVO JUICIO.—Aunque una parte que pide la suspensión del juicio fundándose en y acreditando la enfermedad de un testigo no haga la solicitud por medio de la moción escrita y jurada a que se refiere el artículo 202 del Código de Enjuiciamiento Civil, la suspensión debe decretarse si de las alegaciones y de los autos aparece que tal declaración es importante y esencial.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Vendrell.*

Abogados de los apelados: *Sres. L. Pereyó y F. González.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Para cumplir la sentencia dictada en un pleito de Juan Alejandro contra Luther R. Bostick o su sucesión compuesta por Abigaíl Bostick Alejandro, el marshal embargó en poder de Juan Solá cuatro cabezas de ganado vacuno. Interpuso Juan Solá demanda de tercería alegando ser dueño de ese ganado por haberlo comprado a Mr. Alberto Walker y contestó la demanda solamente Juan Alejandro negando que el tercerista sea ni haya sido dueño de ese ganado y también que Mr. Alberto Walker hubiera sido dueño de él.

Celebrado el juicio recayó sentencia contra el tercerista quien interpuso este recurso de apelación.

El primer motivo alegado para que revoquemos la sentencia es por haber negado la corte inferior la suspensión del juicio pedida por el tercerista.

Al comenzar el juicio fué pedida su suspensión por el tercerista fundándose en que estaba enfermo su principal testigo Mr. Walker y presentó una certificación firmada por el Dr. W. F. Lippitt, fechada en San Juan el día anterior

y jurada ese día ante un notario de Caguas, según la cual M. A. Walker estaba enfermo e imposibilitado de comparecer en la Corte de Humacao, como estaba citado.

Es cierto que la concesión de la suspensión de un juicio es discrecional en la corte y que según el artículo 202 del Código de Enjuiciamiento Civil debe solicitarse mediante declaración escrita y jurada demostrando la importancia esencial de la prueba y que se ha practicado la debida diligencia para obtenerla, pero en este caso por la certificación firmada y jurada por el Dr. Lippitt quedó acreditada la enfermedad del testigo Walker y su imposibilidad de asistir al juicio en Humacao, y si bien no se hizo constar por escrito y bajo juramento la importancia esencial de la declaración de dicho testigo tal extremo no fué necesario en este caso porque aparece de las alegaciones de las partes, ya que el tercerista funda su derecho al ganado en haberlo comprado a Mr. Walker, hecho que niega el demandado Alejandro así como que Walker fuera dueño de esas reses. Por consiguiente, resultando de los propios autos la importancia de ese testigo y su imposibilidad de asistir al juicio debió la corte suspenderlo haciendo así un buen uso de la facultad discrecional que le concede la ley.

Que era un testigo esencial y que sin él quedaba indefenso el tercerista lo demostró también la prueba presentada en el juicio, pues Joaquín Rojas declaró que él vendió ese ganado al tercerista Solá por indicación de Mr. Walker a quien entregó el dinero y quien tiene un poder de la persona que lo había comprado a Luther R. Bostick, causante de la sucesión demandada por Juan Alejandro y cuyos bienes son objeto de embargo.

La sentencia apelada debe ser revocada'y concederse un nuevo juicio.

*Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no tomaron parte en la resolución de este caso.